**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARCUS LACEY, 01863371,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-4302-K** |
| | ) | |
| **WILLIAM STEPHENS, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.     Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated assault with a deadly weapon. *State of Texas v. Marcus Lacey*, No. F-1351484-S (282nd Jud. Dist. Ct., Dallas County, Tex., June 11, 2013). On June 11, 2013, pursuant to a plea bargain agreement, the court sentenced Petitioner to twenty years in prison. He did not file a direct appeal.

On August 27, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parteLacey*, No. 80,588-01. On January 8, 2014, the Court of Criminal Appeals denied the petition without written order.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On December 3, 2014, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

He argues:

1.     His guilty plea was involuntary because he was coerced to plead guilty with the threat of life in prison and the death penalty;

2.     The evidence was insufficient to establish the elements of the offense; and

3.     He received ineffective assistance of counsel when counsel did not independently test the evidence, failed to contact his alibi witnesses, and failed to show that no evidence proves he committed the offense.

On March 11, 2015, Respondent filed his answer.  Petitioner did not file a reply.  The Court finds the petition should be denied.

## II.     Discussion

## 1.     Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

2.      **Procedural Bar**

        Respondent argues that Petitioner's ineffective assistance of counsel claim (claim three) and his claim that he was threatened with the death penalty (part of claim one) are procedurally barred.  A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

        The record reflects that Petitioner failed to raise these claims in either a petition for discretionary review or his state habeas petition.  Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims.  If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal because it is too late for Petitioner to file a petition for discretionary review and a second state habeas petition would be subject to an abuse-of-the-writ dismissal.

        To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2)

that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v.Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).  Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.  *Id*. (citing *Schlup*, 513 U.S. at 327).  Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him.  Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**3.     Guilty Plea**

Petitioner argues his guilty plea was involuntary because the detectives, his counsel, and the district attorney threatened that he would receive a life sentence if he did not plead guilty.  The record shows Petitioner was originally charged with capital murder.  (*Ex parte* Lacey at 28.)  As part of the plea agreement, the State reduced the charge to the lesser-included offense of aggravated assault with a deadly weapon in exchange for a twenty year sentence.  (*Id*. at 29-33.)  Petitioner accepted the plea bargain, pled guilty, and was sentenced to twenty years in prison.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

The test for determining the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) **(quoting** *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)**).  Further, prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).**

**In this case, the record shows Petitioner entered his plea freely and voluntarily.  Petitioner signed the plea agreement in which he agreed that he understood the charges against him and the range of punishment.  (*Ex parte* Lacey at 31-32.)  He admitted that he committed the offense as charged in the indictment.  (*Id*.)  Petitioner also signed a judicial confession in which he stated he committed the offense as charged in the indictment.  (*Id*. at 33.)  Petitioner affirmed that his plea was made freely and voluntarily, and that the plea was not influenced by fear or persuasion.  (*Id*.)  Petitioner has failed to show that he did not freely and voluntarily enter his guilty plea.**

**4.      Insufficiency of the Evidence**

**Petitioner claims the evidence was insufficient to establish each element of the offense.  The Court has found, however, that Petitioner freely and voluntarily pled guilty to the charges.**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Thus, because Petitioner's guilty plea was voluntary, he has waived any claim that his conviction is void due to insufficient evidence. *See Smith v. McCotter,* 786 F.2d 697, 702–03 (5th Cir.1986) (" 'No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea.' The *Jackson v. Virginia,* 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (quoting *Baker v. Estelle,* 715 F.2d 1031, 1036 (5th Cir.1983)); *see also Tristan v. Stephens,* No. 3:12–CV–2828–P–BK, 2013 WL 4561331, at *3 (N.D.Tex. Aug. 28, 2013) (noting that "under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea") (citing *Menefee v. State,* 287 S.W.3d 9, 13 (Tex.Crim.App.2009)). Petitioner's claim is without merit.

5.    **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

III.    <u>Recommendation</u>

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

<u>Findings, Conclusions and Recommendation</u>
<u>of the United States Magistrate Judge -Page 6</u>

Signed this 19th day of April,  2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the

manner provided by law.  Any party who objects to any part of this report and

recommendation must file specific written objections within 14 days after being served with

a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found.  An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not

specific.  Failure to file specific written objections will bar the aggrieved party from

appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error.  *See*

*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).